UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

|  |  |  |
|---|---|---|
| | : | |
| **LISA MEIMAN** | | |
| 2 Page Rd. | : | |
| Ft. Mitchell, Kentucky 41017 | | |
| | : | |
| **Plaintiff,** | | |
| | : | **Case No. :** |
| v. | | |
| | : | |
| **AETNA LIFE INSURANCE** | | |
| **COMPANY** | : | |
| 151 Farmington Avenue | | |
| Hartford, CT 06156, | : | |
| | | |
| **And** | : | |
| | | |
| **DELTA AIRLINES, INC. LONG-TERM** | : | |
| **DISABILITY PLAN** | | |
| Dept. 971 | : | |
| P.O. Box 20706 | | |
| Atlanta, GA 30320-6001, | : | |
| | | |
| **Defendants.** | : | |

## COMPLAINT

Plaintiff, Lisa Meiman, for her Complaint against the Defendants, Aetna Life Insurance

Company, the Administrative Committee of Delta Airlines, Inc., and The Delta Airlines, Inc.

Long-Term Disability Plan, states as follows:

### Jurisdiction, Venue, and Parties

1.    Plaintiff's claims arise from the wrongful termination of her long-term disability

("LTD") benefits under an employee welfare benefit plan; and seek to recover benefits due

Plaintiff under the terms of the plan, to enforce and clarify her rights, for full and fair review, and for other equitable remedies.

2.      Plaintiff is a citizen of the State of Kentucky, residing in Kenton County, who, at all times relevant to this action, was a participant in the Delta, Airlines Inc. Long-Term Disability Plan, sponsored by her employer, Delta Airlines, Inc., in Hebron, Kentucky.

3.      Defendant, Aetna Life Insurance Company ("Aetna") is an insurance company believed to be domiciled in the state of Connecticut to whom Delta Airlines, Inc. delegated its fiduciary responsibility of making benefit determinations for the Plan.  Aetna may be served at its offices, located at 151 Farmington Avenue, Hartford, CT 06156.

4.      The Delta Airlines, Inc. Long-Term Disability Plan (the "LTD Plan"), is an employee welfare benefit plan as defined by ERISA § 3(1), 29 U.S.C. §1002(1).  Pursuant to ERISA § 502(d)(1), the Plan is a distinct legal entity that may be served through its Plan Administrator, the Administartive Committee, at Dept. 971, P.O. Box 20706, Atlanta, GA 30320-6001.

5.   Plaintiff brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA")§ 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), to recover benefits and to clarify her rights to future benefits under the Plan.  The Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), (f) and 28 U.S.C. §1331, and it may assert personal jurisdiction over Defendants because they undertook to insure or sponsor an ERISA plan that affected participants residing and working in Kenton County, Kentucky and because the breach of the plan occurred within this judicial district.

## Claim for Relief

6.  Plaintiff worked at Deltal Airlines, Inc. ("Delta") and paid premiums for disability benefits under a group long-term disability plan provided by Delta to its employees.

7.  The Plan was governed by ERISA, 29 U.S.C. § 1001 *et seq.*

8.  Plaintiff was a plan participant in and beneficiary under the Plan and entitled to seek benefits thereunder.

9.  The Plan is funded through an insurance policy issued by Defendant Aetna.

10. Aetna is the Plan's claims review fiduciary and/or claims administrator with authority to determine eligibility for benefits under the Plan and provided claims administration services and made claim determinations.

11. The Plan provides for the payment of disability benefits to Plan participants who become "disabled" as defined in the Plan.

12. Plaintiff became disabled as defined under the Plan on or about December 23, 2005 when she was injured at work trying to avoid being hit by a bus. As a result of such injuries, Plaintiff suffered from, and continues to suffer from, among other conditions, bilateral degenerative knee arthritis, osteoarthritis, medial compartment arthrosis and patellofemoral chondromalacia.

13. Plaintiff's conditions are progressive in that they will only worsen in severity over time.

14. Plaintiff made a timely claim for long-term disability benefits under the Plan, and Aetna approved her claim beginning on or about June 23, 2006.

15. Aetna paid Plaintiff her monthly long-term disability benefit under the Plan from approximately June 23, 2006 until approximately December 23, 2006 under the Plan's "own occupation" definition of disability, which defines disability as, for the first 6 months of

payments, "you are not able to perform the material duties of your own occupation solely because of: disease or injury, and your work earnings are 80% or less of your adjusted predisability earnings."

16.  Beginning approximately December 24, 2006, the definition of disability under the Plan changed to "you will be deemed to be disabled on any day if you are not able to work at any reasonable occupation solely because of disease or injury."

17. Under the terms of the Plan, "Reasonable Occupation" as applied to Core Option benefits, means "any gainful activity for which you are, or may reasonably become, fitted by: education; training; or experience; and which results in, or can be expected to result in: an income of more than 50% of your adjusted predisability earnings." "Reasonable Occupation" as applied to Buy-Up Option benefits, means "any gainful activity for which you are, or may reasonably become, fitted by: education; training; or experience; and which results in, or can be expected to result in: an income of more than 60% of your adjusted predisability earnings."

18. Aetna approved Plaintiff's claim for continued LTD benefits under the Plan's new definition of "disability" beginning approximately December 24, 2006.

19. From approximately December 24, 2006 until approximately October 13, 2016 Aetna found Plaintiff disabled under the Plan's definition of disability and Plaintiff continued to received long-term disability benefits under the Plan.

20. After nearly 11 years of receiving long-term disability benefits, without any improvement in her condition, Aetna denied Plaintiff's claim for continued benefits under the Plan by letter dated  October 14, 2016.

4

21. Plaintiff timely requested a review of the denial of the claim for continued benefit and forwarded to Aetna medical records from her treating physicians and all other necessary information for review.

22. By letter dated August 11, 2017 again Aetna denied Plaintiff's claim for continued monthly benefits under the Plan.

23. Aetna's denials constitute a breach of its obligation under the Plan and ERISA to pay benefits to Plaintiff, and Plaintiff has exhausted all administrative remedies set forth in the Plan and required by ERISA.

24. This Court should review the decision to terminate Plaintiff's claim for LTD benefits under a *de novo* standard of review because Aetna failed to follow applicable ERISA regulations, the Plan's requirements and terms, and its own policies and procedures, and because Plaintiff was denied a full and fair review.

25. Alternatively, the termination of Plaintiff's LTD benefits was wrongful, arbitrary, and capricious, and not the product of a deliberate principled reasoning process, including Aetna's wrongful disregard of the medical evidence and opinions of Plaintiff's own treating physicians; failure to follow its own policies and procedures; denying Plaintiff a full and fair review; wrongfully relying on a flawed and biased record for review; and refusing to consider and apply the correct definition of disability under the Plan.

26. Aetna's decision to deny Plaintiff's claims was made under a conflict of interest, in that Aetna was deciding whether to expend its own funds to pay the claim, and this conflict of interest must be weighed in the review of Aetna's denial of the claim.

27. Plaintiff is entitled to discovery to probe and ascertain the issues of procedural due process and conflict of interest and bias under which Aetna reviewed and failed to properly adjudicate Plaintiff's claim for benefits.

28. Plaintiff was and continues to be disabled as defined under the Plan.

29. As a result of the foregoing, Plaintiff has suffered losses in the form of unpaid benefits of at least approximately $2,700 per month from approximately October 14, 2016 and continuing for as long as she remains disabled under the Plan or until her normal retirement age.

30. Plaintiff is entitled to a judgment against Defendants in the amount of the unpaid benefits under the Plan, as well as an order requiring the Plan to pay benefits to her for as long as she remains disabled under the Plan.  Plaintiff is further entitled to prejudgment interest and an award of attorneys' fees under ERISA § 502(g) in an amount to be proven.

WHEREFORE, Plaintiff, Lisa Meiman, requests the Court grant her the following relief from Defendants, Aetna Life Insurance Company, the Administrative Committee of Delta Airlines, Inc., and The Delta Airlines, Inc. Long-Term Disability Plan:

a) a judgment in the amount of all her past-due benefits under the Plan;

b) an order requiring the Defendants and/or the Plan to pay her benefits for as long as she remains disabled;

c) her costs and attorney's fees; and

d) all other relief to which she is entitled, including a *de novo* review of the decision to deny the claim.

Dated: May 8, 2018

s/ Claire W. Bushorn Danzl
Claire W. Bushorn (Ky Bar No.: 94782)
**THE BUSHORN FIRM, LLC**
810 Sycamore Street
Cincinnati, Ohio 45202
513.827.5771 – phone
513.725.1148 – fax
cbushorn@thebushornfirm.com
*Trial Attorney for Plaintiff*

*s/* David M. Blank
David M. Blank (Ky Bar No.: 84240)
THE LAW OFFICES OF DAVID M. BLANK
36 West fifth Street
Covington, KY 41011
859-655-3000 – phone
859-655-3004 – fax
*Dblaw123@gmail.com*
*Trial Attorney for Plaintiff*

7